NOT RECOMMENDED FOR PUBLICATION
File Name:  15a0331n.06

No. 14-2068

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 06, 2015
DEBORAH S. HUNT, Clerk

TIJUANA HATCHER,                                )
                                                )
   Plaintiff-Appellant,                         )
                                                )
v.                                              )    ON APPEAL FROM THE
                                                )    UNITED STATES DISTRICT
NATIONWIDE PROPERTY & CASUALTY                  )    COURT FOR THE EASTERN
INSURANCE COMPANY,                              )    DISTRICT OF MICHIGAN
                                                )
   Defendant-Appellee.                          )
                                                )

BEFORE:  DAUGHTREY, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

In this insurance contract dispute, plaintiff Tijuana Hatcher appeals the district court's grant of summary judgment in favor of defendant Nationwide Insurance.  We conclude that the district court did not err when it ruled that Nationwide was entitled to rescind Hatcher's insurance policy because of the material misrepresentations made by Hatcher at the time she applied for insurance.  We therefore affirm the judgment of the district court.

I.

The facts of this case are largely undisputed.  At all times relevant to this case, plaintiff owned property located at 12667/12669 Roselawn St. in Detroit, Michigan.  The property was

one building split into two units; plaintiff owned the building, rented out one unit, and lived in the other.

On July 17, 2012, Hatcher telephonically applied for fire insurance with defendant Nationwide Insurance. During the course of the call, defendant's representative asked plaintiff, "Are the property taxes for the insured delinquent by two or more years?" to which plaintiff answered, "No." However, at the time of the application, at least $3,100 in property taxes was past due for the 2010 and 2011 tax years.

Defendant issued an insurance policy to plaintiff for the property on July 17, 2012. The policy contained a "Michigan Amendatory Endorsement," which stated:

> [Defendant] may void this policy, deny coverage under this policy, or at [defendant's] election, assert any other remedy available under applicable law, if [plaintiff], or any other insured person seeking coverage under this policy, knowingly or unknowingly concealed, misrepresented or omitted any material fact or engaged in fraudulent conduct at the time the application was made or at any time during the policy period.

The policy also provides that "[n]o action can be brought against [defendant] unless there has been full compliance with the policy provisions."

On September 2, 2012, the property sustained fire damage. A subsequent investigation by a certified fire inspector concluded that the fire was set intentionally; the investigator determined that "there are no accidental, mechanical, or electrical ignition sources within the area of origin. All indications are that ordinary combustibles to possibly include paper and/or clothing had been intentionally ignited within the above origin. These items were ignited with an open flame."

Hatcher filed a claim seeking damages for alleged losses incurred as a consequence of the fire. On March 4, 2013, following an investigation during which defendant discovered that back

taxes were owed on the property, defendant sent plaintiff a letter voiding the policy. The letter stated that the reason for the rescission was "due to material misrepresentation at [the] time of the policy application"; specifically, plaintiff's statement that the property was not delinquent in taxes for two or more years at the time of the application.

On August 15, 2013, plaintiff filed a complaint in state court, alleging that defendant breached the insurance contract by voiding the contract. Defendant removed the case to federal district court on September 13, 2013. Defendant filed a motion for summary judgment, and the district court granted it. Plaintiff timely appealed.

## II.

We review *de novo* a district court's decision to grant summary judgment. *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013). "Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (citing Fed. R. Civ. P. 56(a)).

"Questions of contract interpretation . . . generally are considered to be questions of law subject to *de novo* review," *Meridian Leasing, Inc. v. Associated Aviation Underwriters, Inc.*, 409 F.3d 342, 346 (6th Cir. 2005), as are matters requiring statutory interpretation, "and the starting point for [statutory] interpretation is the language of the statute itself." *Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1059 (6th Cir. 2014) (citation omitted).

## III.

Plaintiff argues that when she answered "no" to the insurance agent's question regarding whether the property's taxes were delinquent for two or more years, she answered truthfully. Plaintiff's argument relies on two statutes. First, plaintiff relies on Mich. Comp. Laws

§ 500.2103(2)(j), which exempts from eligibility for insurance coverage "[a] person whose real property taxes . . . have been and are delinquent for 2 or more years at the time of . . . application for[] home insurance." Second, plaintiff relies on Mich. Comp. Laws § 211.78a(2),[1] which states that, for purposes of determining when property is subject to forfeiture, foreclosure, and sale, "[o]n March 1 in each year, taxes levied in the immediately preceding year that remain unpaid shall be returned as delinquent for collection." Thus, according to plaintiff, her property taxes did not become delinquent until March 1 of the year after they were levied. Plaintiff therefore argues that, when she applied for insurance, her 2010 taxes had been delinquent for sixteen months, and her 2011 taxes had been delinquent for four months. In other words, plaintiff argues, neither her 2010 or 2011 taxes was two years delinquent at the time she applied for insurance. This is plaintiff's sole argument on appeal. We disagree.

The parties' insurance contract gave defendant the right to rescind coverage if plaintiff, knowingly or unknowingly, "concealed, misrepresented, or omitted any material fact." Here, an omission in an insurance application about delinquent taxes would be material. First, plaintiff does not contest that such an omission would be material; in fact, she expressly concedes that "[t]he question of delinquent taxes is material to the formation of the insurance contract." Second, defendant averred that it would not have issued plaintiff a policy had it known that plaintiff owed taxes on the property. Third, as plaintiff acknowledges, the question of whether plaintiff's taxes were delinquent for two or more years is material "because of the eligibility exclusion set forth" in § 500.2103(2)(j).

---

[1]In her brief, plaintiff relies on an advisory opinion of the Michigan Attorney General interpreting § 211.78a(2). In the district court, plaintiff relied directly on § 211.78a(2). Plaintiff's reliance on the Attorney General's opinion, rather than the plain text of the statute, makes no difference to our analysis, as plaintiff relies on both sources for the same proposition.

Thus, the only remaining question is whether, at the time of her application for insurance, plaintiff's taxes were "delinquent for 2 or more years" within the meaning of § 500.2103(2)(j). To that end, plaintiff's argument is essentially that §§ 500.2103 and 211.78a(2) are *in pari materia*, and we must read them together and import the latter statute's use of "delinquent" into the former. We disagree.

Under Michigan law, "[s]tatutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v. Harper*, 739 N.W.2d 523, 536 (Mich. 2007). However, §§ 500.2103 and 211.78a neither address the same subject matter nor share a common purpose. Section 211.78a is part of the General Property Tax Act (GPTA), whereas § 500.2103 is part of the Insurance Code. Plaintiff offers no explanation as to why these two statutes share a common purpose or address the same subject, and we can decipher no such reason from the statutes themselves. The GPTA's purpose is, among other things, to "provide for the assessment of rights and interests . . . in property and the levy and collection of taxes on property, and for the collection of taxes levied." Pmbl. to Mich. Comp. Laws §§ 211.1–211.157. By contrast, the Insurance Code's purpose is, among other things, to "revise, consolidate, and classify the laws relating to the insurance and surety business." Pmbl. to Mich. Comp. Laws §§ 500.100–500.8302. We therefore conclude that the GPTA and the Insurance Code are not *in pari materia*.

Moreover, it would not affect our analysis even if the two statutes are *in pari materia,* because § 211.78a's use of the term "delinquent" does not establish a *definition* of the word "delinquent." Instead, that section provides that already-delinquent taxes simply *become actionable* for purposes of forfeiture and foreclosure on March 1 of the year after their delinquency. Contrary to plaintiff's interpretation of the statute, it does not define delinquency

as only those taxes remaining unpaid as of March 1 of the year after the taxes were not paid. Thus, even assuming that the two statutes are *in pari materia*, it would not change the result in this case because the GPTA does not provide us with a definition of "delinquent" to import into the Insurance Code.

Michigan courts "accord to every word or phrase of a statute its plain and ordinary meaning" unless it has a "special, technical meaning or is [otherwise] defined in the statute." *Guardian Envtl. Servs., Inc. v. Bureau of Constr. Codes & Fire Safety, Dep't of Labor and Econ. Growth*, 755 N.W.2d 556, 560 (Mich. Ct. App. 2008). Here, the term "delinquent" does not appear to be specifically defined anywhere in the GPTA. Nor does the term appear to be defined anywhere in the Insurance Code, at least not with respect to property taxes. We must therefore ascertain the plain and ordinary meaning of the term "delinquent" to determine whether plaintiff's property taxes were "delinquent for 2 or more years" when she applied for insurance, for purposes of § 500.2103(2)(j). "In ascertaining the plain and ordinary meaning of undefined statutory terms, [courts] may rely on dictionary definitions." *Guardian Envtl. Servs.*, 755 N.W.2d at 560. Black's Law Dictionary defines "delinquent" as, among other things, "past due or unperformed." Black's Law Dictionary 520 (10th ed. 2014). Similarly, Webster's dictionary defines "delinquent" as "past due" and "overdue." Webster's Unabridged Dictionary 527 (2d. ed. 2001). The Wayne County Treasurer—the taxing entity in this case—defines "delinquent," consistent with the dictionary definitions, as "[t]axes that were not paid to the local treasurer." Thus, if plaintiff's property taxes were "past due" or "overdue" by two or more years on July 17, 2012—the day she applied for insurance—then she made a material misrepresentation and defendant was entitled to rescind her policy.

*No. 14-2068*
*Hatcher v. Nationwide*

Plaintiff did have two or more years of past due property taxes as of July 17, 2012. Plaintiff does not dispute that she failed to pay property taxes at all in 2010, despite the fact that they were due. Accordingly, plaintiff had at least one tax bill that was "delinquent for 2 or more years" at the time she applied for insurance. She therefore misrepresented a material fact during her application, and, as such, defendant was entitled by the terms of the contract to rescind her policy.

IV.

For these reasons, we affirm the judgment of the district court.